IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE J. NUNEZ, | No. CIV S-07-1032-DFL-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| DEUEL VOCATIONAL INSTITUTION, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has not, however, filed an application to proceed in forma pauperis or paid the required filing fee. See 28 U.S.C. §§ 1914(a), 1915(a). Plaintiff will be provided the opportunity to submit either a completed application to proceed in forma pauperis or the appropriate filing fee.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

1

from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

       In this case, the only defendant named in the complaint is the Deuel Vocational Institution, a facility within the California Department of Corrections and Rehabilitation. The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states. See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition extends to suits against states themselves, and to suits against state agencies. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th cir. 1993) (en banc).

       Because it is possible that the deficiencies identified in this order may be cured by amending the complaint to name individual defendants, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus,

1  following dismissal with leave to amend, all claims alleged in the original complaint which are
2  not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th
3  Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior
4  pleading in order to make plaintiff's amended complaint complete. See Local Rule 15-220. An
5  amended complaint must be complete in itself without reference to any prior pleading. See id.

6  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
7  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See
8  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how
9  each named defendant is involved, and must set forth some affirmative link or connection
10 between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d
11 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

12 Finally, plaintiff is warned that failure to resolve the fee status for this case and to
13 file an amended complaint within the time provided in this order may be grounds for dismissal of
14 this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 11-110. Plaintiff is also
15 warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be
16 dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651
17 F.2d 671, 673 (9th Cir. 1981).

18 Accordingly, IT IS HEREBY ORDERED that:

19 1. Plaintiff shall submit on the form provided by the Clerk of the Court,
20 within 30 days from the date of this order, a complete application for leave to proceed in forma
21 pauperis, including the required affidavits and certifications, or the appropriate filing fee;

22 2. Plaintiff's complaint is dismissed with leave to amend;

23 3. Plaintiff shall file a first amended complaint within 30 days of the date of
24 this order; and

25 / / /
26 / / /

4.    The Clerk of the Court is directed to send plaintiff a new form Application to Proceed In Forma Pauperis By a Prisoner and the court's § 1983 form complaint for state prisoners.

DATED: June 5, 2007.

                                             **CRAIG M. KELLISON**
                                             UNITED STATES MAGISTRATE JUDGE