IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE J. NUNEZ, | No. CIV S-07-1032-RRB-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| DEUEL VOCATIONAL INSTITUTION, | |
| Defendants. / | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. On June 6, 2007, the court dismissed plaintiff's complaint and directed plaintiff to file a first amended complaint within 30 days. The court also directed plaintiff to either submit a completed application for leave to proceed in forma pauperis or the full filing fee for this action within 30 days. Plaintiff was warned that failure to comply may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders. To date, plaintiff has not complied. Plaintiff did file an application to proceed in forma pauperis on June 14, 2007. However, this application was not complete in that it did not contain the required certified copy of his prison trust account statement for the six-month period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915(a)(2).

1    The court must weigh five factors before imposing the harsh sanction of
2 dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.
3 U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's
4 interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)
5 the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on
6 their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran,
7 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an
8 appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.
9 See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is
10 appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421,
11 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to
12 comply with an order to file an amended complaint. See Ferdik v. Bonzelet, 963 F.2d 1258,
13 1260-61 (9th Cir. 1992).
14    Having considered these factors, and in light of plaintiff's failure to file an
15 amended complaint and failure to resolve the fee status for this case as directed, the court finds
16 that dismissal of this action is appropriate.
17    Based on the foregoing, the undersigned recommends that this action be
18 dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and
19 orders.
20    These findings and recommendations are submitted to the United States District
21 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days
22 after being served with these findings and recommendations, any party may file written
23 objections with the court. The document should be captioned "Objections to Magistrate Judge's
24 / / /
25 / / /
26 / / /

Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 15, 2007.

*[signature]*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE